IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Joyce Carson; Samuel Carson, SR., | ) | C/A No. 2:20-2876-RMG-PJG |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **ORDER REGARDING** |
| v. | ) | **AMENDMENT OF COMPLAINT** |
| | ) | |
| Festiva Development Group, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiffs Joyce Carson and Samuel Carson, Sr., proceeding *pro se*, bring this action seeking enforcement of an arbitration award. The matter has been filed pursuant to 28 U.S.C. § 1915. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Complaint in accordance with applicable law, the court finds this action is subject to summary dismissal if Plaintiffs do not amend the Complaint to cure the deficiencies identified herein.

**I.    Factual and Procedural Background**

Plaintiffs indicate they received an arbitration award against the Festiva Development Group, Inc. for $1,525 on April 15, 2020. Plaintiffs indicate they are residents of Dorchester County, South Carolina, whereas the defendant is a "resident' of Orlando County, Florida. The arbitration occurred in Hilton Head, South Carolina. Plaintiffs seek to register the arbitration award here and enforce the judgment against the defendant.

**II.    Discussion**

    **A.    Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint. The Complaint has been filed pursuant to 28 U.S.C. § 1915, which

permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. This statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

**B.     Analysis**

The instant case is subject to summary dismissal because Plaintiffs fail to demonstrate federal jurisdiction over this matter. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." Id. at 352; see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999).

There is no presumption that a federal court has jurisdiction over a case, <u>Pinkley, Inc. v. City of Frederick</u>, 191 F.3d 394, 399 (4th Cir. 1999), and a plaintiff must allege facts essential to show jurisdiction in his pleadings.  <u>McNutt v. Gen. Motors Acceptance Corp.</u>, 298 U.S. 178, 189 (1936); <u>see</u> <u>also</u> <u>Dracos v. Hellenic Lines, Ltd.</u>, 762 F.2d 348, 350 (4th Cir. 1985) ("[P]laintiffs must affirmatively plead the jurisdiction of the federal court.").  To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]"

The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question" under 28 U.S.C. § 1331 , and (2) "diversity of citizenship" pursuant to 28 U.S.C. § 1332.  As discussed below, the allegations contained in Plaintiffs' Complaint do not fall within the scope of either of these forms of this court's limited jurisdiction.

First, federal question jurisdiction requires plaintiffs to show that the case is one "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Plaintiffs' allegations do not assert that the defendant has violated a federal statute or constitutional provision, nor is any source of federal question jurisdiction otherwise evident from the face of the pleading.  To the extent Plaintiffs rely on the Federal Arbitration Act, that statute does not provide federal question jurisdiction over an action seeking to enforce an arbitration award.  <u>See</u> <u>Southland Corp. v. Keating</u>, 465 U.S. 1, 16 n.9 (1984) ("While the Federal Arbitration Act creates federal substantive law requiring the parties to honor arbitration agreements, it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 or otherwise.").  Therefore, federal question jurisdiction does not exist in this case.

Second, the diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of $75,000.  Complete diversity of parties in a case means

that no party on one side may be a citizen of the same state as any party on the other side. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 372-74 nn. 13-16 (1978).[3]

Here, the parties are apparently diverse, but the amount in controversy on the face of the Complaint fails to meet the jurisdictional threshold of more than $75,000. There is a circuit split on how to determine the amount in controversy in actions to enforce arbitration awards. See generally Smith v. Tele-Town Hall, LLC, 798 F. Supp. 2d 748, 752 (E.D. Va. 2011) (collecting cases and describing the different approaches). The United States Court of Appeals for the Fourth Circuit has noted this split but expressly decided not to "opine on this interesting question." Choice Hotels Int'l, Inc. v. Shiv Hosp., L.L.C., 491 F.3d 171, 175-76 (4th Cir. 2007). As noted by Judge Ellis of the United States District Court for the Eastern District of Virginia:

> [C]ourts have taken three approaches to determining the amount in controversy in an application to confirm, modify, or vacate an arbitration award. Under the "award" approach, courts determine the amount in controversy by reference to the amount of the award regardless of how much was originally demanded in the arbitration proceeding. By contrast, under the "demand" approach, courts equate the amount in controversy with the amount sought in the original complaint or arbitration demand, regardless of the amount ultimately awarded. The final approach, known as the "remand" or "mixed" approach, takes a middle ground, namely that the amount in controversy in a suit challenging an arbitration award includes the matter at stake in the arbitration, *provided* the plaintiff is seeking to reopen the arbitration.

Smith, 789 F. Supp. 2d at 752-53 (internal citations and quotation marks omitted).

Under any of these approaches, Plaintiffs' Complaint—as currently pled—fails to show that this matter meets the amount in controversy requirement of 28 U.S.C. § 1332. Plaintiffs indicate they were awarded $1,525 in arbitration against the defendant and they seek to enforce

---

[3] As to corporate parties, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1); see also Hoschar v. Appalachian Power Co., 739 F.3d 163, 170 (4th Cir. 2014).

the award, rather than reopen arbitration. Accordingly, under the award or mixed approach, the amount in controversy in this matter is definitely less than the jurisdictional threshold of 28 U.S.C. § 1332. And, Plaintiffs do not indicate what amount they demanded in arbitration. Therefore, under the demand approach, Plaintiffs' Complaint fails to show that this matter meets the amount in controversy requirement of 28 U.S.C. § 1332.

Consequently, Plaintiffs' Complaint is subject to summary dismissal for lack of subject matter jurisdiction. Plaintiffs are hereby granted **twenty-one (21) days** from the date this order is entered (plus three days for mail time) to file an **amended complaint** pursuant to Federal Rule of Civil Procedure 15(a) that corrects the deficiencies identified above.[3] If Plaintiffs fail to file an amended complaint that corrects those deficiencies, this action will be recommended for summary dismissal for lack of subject matter jurisdiction.

**IT IS SO ORDERED**.

_____

September 23, 2020                Paige J. Gossett
Columbia, South Carolina          UNITED STATES MAGISTRATE JUDGE

*Plaintiffs' attention is directed to the important WARNING on the following page.*

---

[3] Any amended complaint filed by Plaintiffs is also subject to further initial review by the court pursuant to 28 U.S.C. § 1915. Further, Plaintiffs are reminded that an amended complaint replaces the original complaint and should be complete in itself. See Young v. City of Mount Ranier, 238 F .3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted); see also 6 Charles Alan Wright et al., Federal Practice and Procedure § 1476 (3d ed. 2017) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified. Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . .").

# IMPORTANT INFORMATION . . . PLEASE READ CAREFULLY

# WARNING TO PRO SE PARTY OR NONPARTY FILERS

ALL DOCUMENTS THAT YOU FILE WITH THE COURT WILL BE AVAILABLE TO THE PUBLIC ON THE INTERNET THROUGH PACER (PUBLIC ACCESS TO COURT ELECTRONIC RECORDS) AND THE COURT'S ELECTRONIC CASE FILING SYSTEM.  **CERTAIN *PERSONAL IDENTIFYING INFORMATION* SHOULD NOT BE INCLUDED IN, OR SHOULD BE REMOVED FROM, ALL DOCUMENTS *BEFORE* YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING.**

Rule 5.2 of the Federal Rules of Civil Procedure provides for privacy protection of electronic or paper filings made with the court.  Rule 5.2 applies to *ALL* documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party or nonparty for filing.  Unless otherwise ordered by the court, a party or nonparty filer should not put certain types of an individual's personal identifying information in documents submitted for filing to any United States District Court.  If it is necessary to file a document that already contains personal identifying information, the personal identifying information should be "**blacked out**" or **redacted** prior to submitting the document to the Clerk of Court for filing.  A person filing any document containing their own personal identifying information **waives** the protection of Rule 5.2(a) by filing the information without redaction and not under seal.

1. Personal information protected by Rule 5.2(a):

**(a) Social Security and Taxpayer identification numbers.**  If an individual's social security number or a taxpayer identification number must be included in a document, the filer may include only the last four digits of that number.
**(b) Names of Minor Children.**  If the involvement of a minor child must be mentioned, the filer may include only the initials of that child.
**(c) Dates of Birth.**  If an individual's date of birth must be included in a document, the filer may include only the year of birth.
**(d) Financial Account Numbers.**  If financial account numbers are relevant, the filer may include only the last four digits of these numbers.

2.  Protection of other sensitive personal information  –  such as driver's license numbers and alien registration numbers – may be sought under Rule 5.2(d) (filings made under seal) and (e) (protective orders).