IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Joyce Carson; Samuel Carson, Sr., ) | C/A No. 2:20-2876-RMG-PJG | |
| ) | | |
| Plaintiffs, ) | | |
| ) | **ORDER** | |
| v. ) | | |
| ) | | |
| Festiva Development Group, Inc., ) | | |
| ) | | |
| Defendant. ) | | |
| ) | | |

    This is a civil action filed by a self-represented litigants. Under Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

    By order dated November 30, 2020, the court authorized service of process of the summons and complaint. (ECF No. 15.) **However, the summons for Defendant Festiva Development Group, Inc. was returned unexecuted.** (ECF No. 20.) The United States Marshal remarked that service was attempted by certified mail but it was returned marked "unable to forward." The Marshal also remarked that personal service was attempted but that the "address no longer exists." A copy of the deficient Form USM-285 is attached to this order.

    Plaintiffs are reminded that they must provide, and are responsible for, information sufficient to identify and locate the defendant on the Form USM-285. The United States Marshal cannot serve an inadequately identified defendant. Under Rule 4(m), unless a defendant is served within ninety (90) days after the <u>original</u> summons is issued, the court must dismiss an action without prejudice as to that defendant.[1] See <u>Robinson v. Clipse</u>, 602 F.3d 605, 608-09 (4th Cir. 2010) (tolling during initial review). The court notes that ninety days will have soon passed. If Plaintiffs need more time to effect service, they must file a motion to extend the time for service and show good cause for his failure to do so pursuant to Rule 4(m).

    Plaintiffs have already filed a new Form USM-285 (ECF No. 19) with the same address as the previous Form USM-285 and a letter (ECF No. 21) indicating that the address they provided is proper, despite the returned Form USM-285 with the same address.[2] **If Plaintiffs would like**

---

[1] Commencement of a state law claim is determined by Rule 3 of the South Carolina Rules of Civil Procedure, rather than Rule 4 of the Federal Rules of Civil Procedure, and could impact the time allowed for service of process within the applicable statute of limitations for any state law claim.

[2] In the letter, Plaintiffs also appear to ask the court to waive the Marshal's fee for attempting service because they were granted *in form pauperis* status. However, under 28 U.S.C. § 1915, *in forma pauperis* status only waives the court's initial filing fees.

**the court to reauthorize service based on the new Form USM-285, they must so inform the court in writing.** Alternatively, Plaintiffs are permitted to complete and return a new Form USM-285 for the defendant within fourteen (14) days from the date this order is entered (plus three days for mail time) that provides an address where service can be executed. As explained above, **Plaintiffs must move to extend the time for service** under Rule 4(m) if they want the court to reauthorize service. These documents must be mailed to: Clerk of Court, 901 Richland Street, Columbia, South Carolina 29201.

<u>**TO THE CLERK OF COURT**</u>:

The Office of the Clerk of Court is directed to mail a copy of this order, a copy of the deficient Form USM-285, and a blank Form USM-285 to Plaintiffs. Plaintiffs will have fourteen (14) days from the date this Order is entered (plus three days for mail time) to provide an updated summons and Form USM-285 or state in writing that they seek reauthorization of service based on the Form USM-285 they already filed.

**IT IS SO ORDERED**.

March 2, 2021  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*Plaintiff's attention is directed to the important warning on the next page.*

# IMPORTANT INFORMATION . . . PLEASE READ CAREFULLY

# WARNING TO *PRO SE* PARTY OR NONPARTY FILERS

All documents that you file with the court will be available to the public on the internet through PACER (Public Access to Court Electronic Records) and the court's Electronic Case Filing System. **CERTAIN PERSONAL IDENTIFYING INFORMATION SHOULD NOT BE INCLUDED IN OR SHOULD BE REMOVED FROM ALL DOCUMENTS BEFORE YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING.**

Federal Rule of Civil Procedure 5.2, provides for privacy protection of electronic or paper filings made with the court. Rule 5.2 applies to **all** documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party or nonparty for filing. Unless otherwise ordered by the court, a party or nonparty filer should not put certain types of an individual's personal identifying information in documents submitted for filing to any United States District Court. If it is necessary to file a document that already contains personal identifying information, the personal identifying information should be "**blacked out**" or **redacted** prior to submitting the document to the Clerk of Court for filing. A person filing any document containing their own personal identifying information **waives** the protection of Rule 5.2(a) by filing the information without redaction and not under seal.

1. Personal information protected by Rule 5.2(a):

   **(a) Social Security and Taxpayer Identification Numbers.** If an individual's Social Security number or a taxpayer identification number must be included in a document, the filer may include only the last four digits of that number.
   **(b) Names of Minor Children.** If the involvement of a minor child must be mentioned, the filer may include only the initials of that child.
   **(c) Dates of Birth.** If an individual's date of birth must be included in a document, the filer may include only the year of birth.
   **(d) Financial Account Numbers.** If financial account numbers are relevant, the filer may include only the last four digits of these numbers.

2. Protection of other sensitive personal information—such as driver's license numbers and alien registration numbers—may be sought under Rule 5.2(d) (Filings Made Under Seal) and (e) (Protective Orders).