IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Joyce Carson; Samuel Carson, Sr., | ) | C/A No. 2:20-2876-RMG-PJG |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **ORDER AND** |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Festiva Development Group, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiffs Joyce Carson and Samuel Carson, Sr., proceeding without counsel, filed this action seeking enforcement of an arbitration award. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on Defendant Festiva Development Group, Inc.'s ("Festiva")[1] motion to dismiss. (ECF No. 55.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised the plaintiffs of the summary judgment and dismissal procedures and the possible consequences if they failed to respond adequately to Festiva's motion. (ECF No. 57.) The plaintiffs filed a response in opposition. (ECF No. 62). Having reviewed the record presented and the applicable law, the court finds Festiva's motion to dismiss should be granted.[2]

## BACKGROUND

The following allegations are taken as true for purposes of resolving Festiva's motion to dismiss. The plaintiffs received an arbitration award against the Festiva Development Group, Inc.

---

[1] The Clerk of Court is directed to correct the spelling of the defendant's name on the docket, as reflected in the above caption.

[2] If the court's recommendation is adopted, the plaintiffs' motion to add evidence should be terminated as moot.

for $1,525 on April 15, 2020. The plaintiffs are residents of Dorchester County, South Carolina, whereas Festiva is a corporation based out of Orlando County, Florida. The arbitration occurred in Hilton Head, South Carolina. The plaintiffs seek to register the arbitration award here and enforce the judgment against Festiva.

**DISCUSSION**

**A.     Rule 12(b)(1) Standard**

Dismissal under Federal Rule of Civil Procedure 12(b)(1) examines whether the complaint fails to state facts upon which jurisdiction can be founded. It is the plaintiff's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

To resolve a jurisdictional challenge under Rule 12(b)(1), the court may consider undisputed facts and any jurisdictional facts that it determines. The court may dismiss a case for lack of subject matter jurisdiction on any of the following bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Johnson v. United States, 534 F.3d 958, 962 (8th Cir. 2008) (quoting Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981)).

Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Erickson, 551 U.S. 89, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the

existence of a genuine issue of material fact where none exists.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Festiva's Motion to Dismiss**

Festiva argues the court lacks subject matter jurisdiction over this case because Plaintiff fails to plausibly allege the existence of a federal question or allege that this action meets the amount in controversy requirement to show diversity jurisdiction.  The court agrees.

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute."  In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998).  Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure.  Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

There is no presumption that a federal court has jurisdiction over a case, Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999), and a plaintiff must allege facts essential to show jurisdiction in his pleadings.  McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); see also Dracos v. Hellenic Lines, Ltd., 762 F.2d 348, 350 (4th Cir. 1985) ("[P]laintiffs must affirmatively plead the jurisdiction of the federal court.").  To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]"  The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question" under 28 U.S.C. § 1331, and (2) "diversity of citizenship" pursuant to 28 U.S.C. § 1332.

First, federal question jurisdiction requires plaintiffs to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The plaintiffs' allegations do not assert that Festiva has violated a federal statute or constitutional provision, nor is any source of federal question jurisdiction otherwise evident from the face of the pleading. To the extent the plaintiffs rely on the Federal Arbitration Act, that statute does not provide federal question jurisdiction over an action seeking to enforce an arbitration award. See Southland Corp. v. Keating, 465 U.S. 1, 16 n.9 (1984) ("While the Federal Arbitration Act creates federal substantive law requiring the parties to honor arbitration agreements, it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 or otherwise."). Therefore, federal question jurisdiction does not exist in this case.

Second, the diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of $75,000. Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 372-74 nn. 13-16 (1978).[3]

Here, the parties are apparently diverse, but the amount in controversy on the face of the Complaint fails to meet the jurisdictional threshold of more than $75,000. There is a circuit split on how to determine the amount in controversy in actions to enforce arbitration awards. See generally Smith v. Tele-Town Hall, LLC, 798 F. Supp. 2d 748, 752 (E.D. Va. 2011) (collecting cases and describing the different approaches). The United States Court of Appeals for the Fourth Circuit has noted this split but expressly decided not to "opine on this interesting question." Choice

---

[3] As to corporate parties, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1); see also Hoschar v. Appalachian Power Co., 739 F.3d 163, 170 (4th Cir. 2014).

Hotels Int'l, Inc. v. Shiv Hosp., L.L.C., 491 F.3d 171, 175-76 (4th Cir. 2007). As noted by Judge Ellis of the United States District Court for the Eastern District of Virginia:

> [C]ourts have taken three approaches to determining the amount in controversy in an application to confirm, modify, or vacate an arbitration award. Under the "award" approach, courts determine the amount in controversy by reference to the amount of the award regardless of how much was originally demanded in the arbitration proceeding. By contrast, under the "demand" approach, courts equate the amount in controversy with the amount sought in the original complaint or arbitration demand, regardless of the amount ultimately awarded. The final approach, known as the "remand" or "mixed" approach, takes a middle ground, namely that the amount in controversy in a suit challenging an arbitration award includes the matter at stake in the arbitration, *provided* the plaintiff is seeking to reopen the arbitration.

Smith, 798 F. Supp. 2d at 752-53 (internal citations and quotation marks omitted).

Under any of these approaches, the plaintiffs' Complaint fails to provide allegations that plausibly show that this matter meets the amount in controversy requirement of 28 U.S.C. § 1332. The plaintiffs indicate they were awarded $1,525 in arbitration against Festiva and they seek to enforce the award, rather than reopen arbitration. Accordingly, under the award or mixed approach, the amount in controversy in this matter is definitely less than the jurisdictional threshold of 28 U.S.C. § 1332. And, while the plaintiffs indicate that they seek jurisdiction of the court under the demand approach, claiming that "Demand is for [$]76,00.00," (ECF No. 11 at 1), the plaintiffs fail to allege that their demand *in the arbitration proceeding* was for an amount exceeding $75,000. See Karsner v. Lothian, 532 F.3d 876, 882 (D.C. Cir. 2008) (stating that the demand approach is based off of "the amount sought in the underlying arbitration"). Even after the plaintiffs were challenged on this point in Festiva's motion, the plaintiffs have not clarified that they can show that they requested $76,000 in their original demand for arbitration, rather, they merely reiterate that they are "requesting the demand approach in the amount of $76,000.00." (Pls.' Resp. Opp'n , ECF No. 62 at 2.) Therefore, under the demand approach, the plaintiffs fail

to plausibly allege that this matter meets the amount in controversy requirement of 28 U.S.C. § 1332.

## RECOMMENDATION

Based on the foregoing, the court recommends that this action be dismissed without prejudice for lack of subject matter jurisdiction.[3]

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 9, 2021
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[3] In its motion, Festiva alternatively sought dismissal of a purported amended complaint filed by the plaintiffs, but the plaintiffs did not file an amended complaint. Pursuant to 28 U.S.C. § 1915 and the court's screening procedures for *pro se* cases, the court provided the plaintiffs the opportunity to amend their pleading to correct deficiencies in the original complaint identified by the court in an order dated September 24, 2020. (ECF No. 8.) The plaintiffs did not amend their pleading, but in light of the plaintiff's answers to the court's interrogatories pursuant to Local Rule 26.01 (ECF No. 22), the court authorized service of process despite the court's September 24 order. Because the plaintiffs did not file an amended complaint, and in light of the court's recommendation, the court need not address Festiva's alternative ground for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).