# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Joyce Carson; Samuel Caron, Sr., | Civil Action No. 2:20-cv-2876-RMG |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Festiva Development Group, Inc. | |
| Defendant. | |

This matter is before the Court upon the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 64) recommending the Court grant Defendant's motion to dismiss for lack of subject matter jurisdiction. (Dkt. No. 55). For the reasons stated below, the Court adopts the R & R as the Order of the Court.

## I. Background

On April 15, 2020, Joyce Carson and Samuel Carson, Jr. ("Plaintiffs") received an arbitration award against Festiva Development Group, Inc. ("Defendant") for $1,525.00. On August 6, 2020, Plaintiffs filed a Motion to Confirm Arbitration Award ("Complaint"), which requested that the Court register the arbitration award and enforce the judgment against Defendant. (Dkt. No. 1). On September 24, 2020, the Court entered an Order stating the Complaint is subject to summary dismissal for lack of subject matter jurisdiction because Plaintiffs failed to show how enforcement of the $1,525.00 award meets the amount in controversy requirement pursuant to 28 U.S.C. § 1332. (Dkt. No. 8). The Court granted Plaintiffs twenty-one days to amend the complaint and address the deficiencies. (*Id.*). On October 16, 2020, Plaintiffs filed Local Rule 26.01 Answers to Interrogatories which states Plaintiffs are seeking to amend the complaint and cure the

1

deficiencies identified. (Dkt. No. 11 at 1). Plaintiffs requested the "Demand Approach" for $76,000.00 and claimed diversity of citizenship pursuant to 28 U.S.C. § 1332(a). (*Id.*). On November 30, 2020, the Court entered an Order construing Plaintiffs' complaint, as only seeking enforcement of an arbitration award. (Dkt. No. 15 at 1). On June 29, 2021, Defendant filed a motion to dismiss the Complaint and the purported amended complaint. (Dkt. No. 55). Plaintiffs filed a response in opposition. (Dkt. No. 62). On September 10, 2021, the Magistrate Judge issued an R & R granting the motion to dismiss on the basis the Court lacks subject matter jurisdiction to hear Plaintiff's claim. (Dkt. No. 64). Plaintiff has not filed objections to the R & R. The matter is ripe for the Court's review.

## II. Legal Standard

### A. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court must make a *de novo* determination of those portions of the R & R Plaintiff specifically objects. FED. R. CIV. P. 72(b)(2). Where Plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-CV-4365-RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015). *See also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir.1983). Plaintiff has not filed objections to the R & R and the case is reviewed for clear error.

### B. *Pro Se* Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### C. 12(b)(1) Standard

Dismissal under Federal Rule of Civil Procedure 12(b)(1) examines whether the complaint fails to state a claim upon which jurisdiction can be founded. It is the plaintiff's burden to prove jurisdiction. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). A motion to dismiss for lack of subject matter jurisdiction can arise in two contexts: (1) when the moving party maintains that the complaint "fails to allege facts upon which subject matter jurisdiction can be based" or (2) when the moving party asserts that the "jurisdictional allegations of the complaint [are] not true." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). In the first situation, where the moving party asserts that the non-moving party has failed to allege facts establishing subject matter jurisdiction, the court must assume all the facts alleged in the complaint to be true. *Id*. In the second situation, where the moving party disputes the validity of the jurisdictional allegations in the complaint, the court may look beyond the complaint and consider other evidence, such as affidavits, depositions, and live testimony. *Id.* The burden of proof in that situation falls on the plaintiff to demonstrate subject matter jurisdiction. *Id*.

### III.   Discussion

Upon a careful review of the Complaint, the briefs, and the R & R, the Court finds the Magistrate Judge comprehensively analyzed the issues to determine the Court lacks subject matter jurisdiction to hear Plaintiff's claims.

Federal courts are courts of limited jurisdiction and their jurisdiction will not be presumed. Accordingly, a plaintiff must affirmatively plead the jurisdiction of the federal court. *Dracos v. Hellenic Lines, Ltd.*, 762 F.2d 348, 350 (4th Cir. 1985). The two most commonly recognized and utilized bases for federal court jurisdiction are: (1) federal question pursuant to 28 U.S.C. § 1331 and (2) diversity of citizenship pursuant to 28 U.S.C. § 1332. Federal question requires a plaintiff to show the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity jurisdiction pursuant requires complete diversity of parties and an amount in controversy in excess of $75,000. 28 U.S.C. § 1332(a). Complete diversity of the parties means that no party on one side may be a citizen of the same state as any party on the other side. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 (1978).

In this case, the allegations contained in Plaintiffs' complaint do not assert any basis for federal question jurisdiction. The Federal Arbitration Act does not create independent federal-question jurisdiction under 28 U.S.C. § 1331 over an action seeking to enforce an arbitration award. *Southland Corp., v. Keating*, 465 U.S. 1, 16 FN.9 (1984).

Second, regarding diversity jurisdiction, Plaintiff alleges the parties are diverse, but the amount in controversy does not exceed $75,000. There are three approaches to determine the amount in controversy in an application to confirm, modify, or vacate an arbitration award.

> "Under the 'award' approach, courts determine the amount in controversy by reference to the amount of the award regardless of how much was originally demanded in the arbitration proceeding. By contrast, under the "demand" approach, courts equate the amount in controversy with the amount sought in the original complaint or arbitration demand, regardless of the amount ultimately awarded. The final approach, known as the "remand" or "mixed approach", takes a middle ground, namely that the amount in controversy in a

4

suit challenging an arbitration award includes the matter at stake in the arbitration, provided the plaintiff is seeking to reopen the arbitration."

*Smith v. Tele-Town Hall, LLC*, 798 F. Supp. 2d 748, 752 (E.D. Va. 2011). The Magistrate Judge correctly determined that under all three approaches, plaintiffs' complaint fails to allege facts that plausibly show this matter meets the amount in controversy. Plaintiffs seek to enforce an arbitration award of $1,525.00 against Defendant. (Dkt. No. 1). Plaintiffs do not seek to reopen arbitration. While plaintiffs indicate they seek jurisdiction of the court under the "demand approach", claiming the "Demand is for [$]76,000", Plaintiffs fail to allege their demand in the arbitration proceeding was for an amount exceeding $75,000. (Dkt. No. 1, 11). Defendant's motion to dismiss challenges this point and in response in opposition, Plaintiffs do not clarify that they requested $76,000 in their original demand for arbitration. (Dkt. No. 62 at 2). Therefore, the Court agrees with the Magistrate Judge that under all three approaches, plaintiffs fail to plausibly allege this matter meets the amount in controversy requirement of $75,000 pursuant to 28 U.S.C. § 1332.

**IV.     Conclusion**

For the reasons stated above, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 64) as the Order of the Court and **DISMISSES** the Complaint for lack of subject matter jurisdiction.

                                                          s/ Richard M. Gergel
                                                          Richard M. Gergel
                                                          United States District Judge

September 28, 2021
Charleston, South Carolina